**WILMER CUTLER PICKERING HALE AND DORR LLP**
Lori A. Martin (admitted *pro hac vice*)
Andrew Rhys Davies (admitted *pro hac vice*)
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
lori.martin@wilmerhale.com
andrew.davies@wilmerhale.com

Robert K. Smith (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
robert.smith@wilmerhale.com

**STINSON LLP**
Dan W. Goldfine (#018788)
Bernard E. Gburek III (#041030)
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone: (602) 212-8661
dan.goldfine@stinson.com
bernard.gburek@stinson.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Robert Gehring, Harold Hunt, and Jeana Norris, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

American Portfolios Advisors, Inc., Osaic, Inc., Osaic Institutions, Inc., and Osaic Wealth, Inc.

Defendants.

Case No. 2:25-cv-00367-KML

**AMERICAN PORTFOLIOS ADVISORS, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**

American Portfolios Advisors, Inc. ("APA"), by its attorneys, hereby answers Plaintiffs' Second Amended Complaint, dated February 16, 2026 (the "Complaint"). APA denies all allegations in the Complaint to the extent the allegations suggest that APA breached any contract with Plaintiffs, breached the implied covenant of good faith and fair dealing with respect to any contract with Plaintiffs, or breached its fiduciary duties to its clients.

APA further responds to the specific allegations in the Complaint as follows:

## I. INTRODUCTION

1. To the extent Plaintiffs' allegations in Paragraph 1 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, American Portfolios Financial Services ("APFS"), APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

The additional allegations in Paragraph 1 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 1, except states that Plaintiffs have brought this action as a putative class action.

2. To the extent Plaintiffs' allegations in Paragraph 2 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA also lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning "a typical cash sweep program" and therefore denies them.

APA denies the remaining allegations in Paragraph 2.

3. To the extent Plaintiffs' allegations in Paragraph 3 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 3, except states that a portion of the interest earned on invested cash paid APA's affiliate, APFS, for the services APFS provided.

4. To the extent Plaintiffs' allegations in Paragraph 4 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 4, except states that APA's affiliate, APFS, disclosed its fee for administering the Cash Sweep Program.

5. To the extent Plaintiffs' allegations in Paragraph 5 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 5 and refers to the Securities and Exchange Commission ("SEC") resolutions identified in Paragraph 5 for the terms thereof.

6. To the extent Plaintiffs' allegations in Paragraph 6 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA admits that this action has been brought as a putative class action.

APA denies the remaining allegations in Paragraph 6.

## II. JURISDICTION AND VENUE

7. The allegations in Paragraph 7 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 7 concern the proposed class, APA lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them.

APA denies the remaining allegations.

8. The allegations in Paragraph 8 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 8 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

9. The allegations in Paragraph 9 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 9 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

## III. PARTIES

### A. Plaintiffs

10. APA lacks knowledge or information sufficient to form a belief about the truth or falsity as to the allegation that Gehring is a citizen of New Hampshire and therefore denies it.

APA admits that Gehring maintained a non-advisory brokerage IRA and an investment advisory IRA with American Portfolios Advisors, Inc., and that Gehring's advisory and non-advisory brokerage IRA participated in APFS bank deposit sweep program ("BDSP") and that Gehring's non-advisory brokerage IRA participated in Osaic Wealth, Inc.'s ("Osaic Wealth") bank deposit sweep program.

APA denies the remaining allegations in Paragraph 10.

11. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 11 are directed to Osaic Institutions, Inc. ("Osaic Institutions") and are addressed in Osaic Institutions' answer to the Second Amended Complaint.

12. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 12 are directed to Osaic Institutions and are addressed in Osaic Institutions' answer to the Second Amended Complaint.

**B. Defendants**

13. APA admits the allegations in Paragraph 13.

14. To the extent Plaintiffs' allegations in Paragraph 14 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 14 and therefore denies them, except to state that APA's client agreements were assigned to Osaic Wealth and/or its affiliate Osaic Advisory Services, Inc. APA further states that Osaic, Inc. is a Maryland corporation with its headquarters in Scottsdale, Arizona, and is a wholly-owned subsidiary of Osaic Holdings, Inc.

15. APA lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 15 and therefore denies them. The allegations in Paragraph 15 are directed to Osaic Institutions and are addressed in Osaic Institutions' answer to the Second Amended Complaint.

16. APA lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16 and therefore denies them. The allegations in Paragraph 16 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

17. Paragraph 17 does not include any factual allegations to which a response is required.

**C. Relevant Non-Parties**

18. APA admits that APH: (1) operated as a holding company for subsidiaries including APA and APFS and (2) was a Delaware corporation headquartered in Holbrook,

New York. APA denies the remaining allegations, except to state that APA's client agreements were assigned to Osaic Wealth and/or its affiliate Osaic Advisory Services, Inc.

19. APA admits that APFS was a registered broker-dealer wholly owned by APH and affiliated with APA. APA denies the remaining allegations, except to state that APA's client agreements were assigned to Osaic Wealth and/or its affiliate Osaic Advisory Services, Inc.

20. APA lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20 and therefore denies them. The allegations in Paragraph 20 are directed to Osaic Institutions and are addressed in Osaic Institutions' answer to the Second Amended Complaint.

## IV. FACTUAL BACKGROUND

### A. Background on Osaic

21. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 21 and therefore denies them.

22. To the extent Plaintiffs' allegations in Paragraph 22 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them, except to state that APA's client agreements were assigned to Osaic Wealth and/or its affiliate Osaic Advisory Services, Inc.

23. To the extent Plaintiffs' allegations in Paragraph 23 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 23.

#### 1. Growth and Acquisitions

24. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 24 and therefore denies them.

25. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 25 and therefore denies them.

26. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 26 and therefore denies them.

27. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 27 and therefore denies them.

28. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 28 and therefore denies them.

29. To the extent Plaintiffs' allegations in Paragraph 29 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 29 purports to characterize and quote a press release, dated November 14, 2022, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith, except to state that Advisor Group acquired APA in November 2022.

30. Paragraph 30 purports to characterize and quote the Form ADV Part2A Disclosure Brochure, dated March 30, 2023, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith, except states that Advisor Group Holdings, Inc. acquired American Portfolios Holdings, Inc. ("APH") on November 1, 2022.

31. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 31 and therefore denies them.

**2. Consolidation and Integration**

32. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 32 and therefore denies them.

33. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 33 and therefore denies them, except to state

that APA's client agreements were assigned to Osaic Wealth and/or its affiliate Osaic Advisory Services, Inc.

34. To the extent Plaintiffs' allegations in Paragraph 34 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 34 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

**B. Defendants' Duties to Their Clients**

**1. Defendants Acting as Investment Advisers Owe Fiduciary Duties to Their Clients**

35. To the extent Plaintiffs' remaining allegations in Paragraph 35 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them, except to state that APA offered investment advisory services to retail or individual customers.

36. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 36 and therefore denies them.

37. APA admits the allegations in Paragraph 37.

38. The allegations in Paragraph 38 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 38 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 38 purports to characterize and quote from a "Form CRS" of Osaic Wealth, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

39. To the extent Plaintiffs' allegations in Paragraph 39 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 39 purports to characterize and quote unidentified documents, which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith, except states that APA managed investment advisory accounts on a discretionary or non-discretionary basis and that a bank deposit sweep option was available to APA accounts.

APA denies the remaining allegations in Paragraph 39.

40. The allegations in Paragraph 40 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 40 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

41. The allegations in Paragraph 41 are legal conclusions, to which no response is required.

Paragraph 41 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

42. The allegations in Paragraph 42 are legal conclusions, to which no response is required.

43. Paragraph 43 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

44. The allegations in Paragraph 44 are legal conclusions, to which no response is required.

Paragraph 44 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

45. The allegations in Paragraph 45 are legal conclusions, to which no response is required.

Paragraph 45 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

46. The allegations in Paragraph 46 are legal conclusions, to which no response is required.

Paragraph 46 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

**2. Defendants as Broker-Dealers Owe Duties to Act in the Best Interests of Their Clients**

47. The allegations in Paragraph 47 are legal conclusions, to which no response is required.

48. The allegations in Paragraph 48 are legal conclusions, to which no response is required.

Paragraph 48 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

49. The allegations in Paragraph 49 are legal conclusions, to which no response is required.

Paragraph 49 purports to characterize and quote Regulation Best Interest: The Broker-Dealer Standard of Conduct, 84 Fed. Reg. 33381-01 (July 12, 2014) ("Reg BI"), which speaks for itself, and APA refers to that document for its complete and accurate contents.

50. The allegations in Paragraph 50 are legal conclusions, to which no response is required.

Paragraph 50 purports to characterize and quote unspecified SEC guidance, which speaks for itself, and APA refers to that guidance for its complete and accurate contents.

51. The allegations in Paragraph 51 are legal conclusions, to which no response is required.

Paragraph 51 purports to characterize and quote Reg BI, which speaks for itself, and APA refers to that regulation for its complete and accurate contents.

52. The allegations in Paragraph 52 are legal conclusions, to which no response is required.

Paragraph 52 purports to characterize an August 2023 SEC Staff Bulletin, which speaks for itself, and APA refers to that document for its complete and accurate contents.

53. The allegations in Paragraph 53 are legal conclusions, to which no response is required.

Paragraph 53 purports to characterize and quote an SEC document, which speaks for itself, and APA refers to that document for its complete and accurate contents.

54. To the extent Plaintiffs' allegations in Paragraph 54 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 54 purports to characterize and quote unidentified "account agreements, brochures, forms and other documents," which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith.

**3. Defendants' Duties to Secure a Reasonable Rate of Interest in IRA Accounts**

55. The allegations in Paragraph 55 are legal conclusions, to which no response is required.

56. The allegations in Paragraph 56 are legal conclusions, to which no response is required.

Paragraph 56 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and APA refers to that document for its complete and accurate contents.

57. The allegations in Paragraph 57 are legal conclusions, to which no response is required.

Paragraph 57 purports to characterize and quote IRS Publication 590, which speaks for itself, and APA refers to that document for its complete and accurate contents.

58. The allegations in Paragraph 58 are legal conclusions, to which no response is required.

Paragraph 58 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and APA refers to that regulation for its complete and accurate contents.

59. The allegations in Paragraph 59 are legal conclusions, to which no response is required.

Paragraph 59 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and APA refers to that regulation for its complete and accurate contents.

60. The allegations in Paragraph 60 are legal conclusions, to which no response is required.

Paragraph 60 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and APA refers to that document for its complete and accurate contents.

61. The allegations in Paragraph 61 are legal conclusions, to which no response is required.

Paragraph 61 purports to characterize and quote Section 54.4975 of the U.S. Treasury regulations, which speaks for itself, and APA refers to that regulation for its complete and accurate contents.

62. The allegations in Paragraph 62 are legal conclusions, to which no response is required.

**4. Defendants Are Contractually Obligated to Act in the Clients' Best Interest and Pay a Reasonable Rate of Interest**

63. To the extent Plaintiffs' allegations in Paragraph 63 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA admits that each APA customer was provided with standardized documents, applicable to their specific client account type, upon opening a new account. Paragraph 63 purports to characterize and quote "Account Agreements," which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 63.

64. The allegations in Paragraph 64 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 64 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 64 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

65. The allegations in Paragraph 65 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 65 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 65 are directed

to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

66. To the extent Plaintiffs' allegations in Paragraph 66 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 66 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

67. The allegations in Paragraph 67 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 67 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 67 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

68. To the extent Plaintiffs' allegations in Paragraph 68 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 68.

69. The allegations in Paragraph 69 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 69 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 69 purports to characterize and quote unidentified "Cash Sweep Documents," which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith.

70. The allegations in Paragraph 70 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 70 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 70 purports to characterize unidentified "contractual agreements," which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith, including that the cash sweep documents included an obligation to provide a reasonable rate of return on uninvested cash.

71. The allegations in Paragraph 71 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 71 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 71 purports to characterize and quote APA and Osaic Wealth "Fiduciary Acknowledgement" documents, which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith.

72. The allegations in Paragraph 72 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 72 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA

lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the allegation in Paragraph 72 that it provided a document with this language to its clients.

**5. The Osaic Defendants' Code of Ethics**

73. The allegations in Paragraph 73 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 73 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 73, and states that APA did not adopt the cited Code of Ethics.

74. The allegations in Paragraph 74 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 74 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 74, and states that APA did not adopt the cited Code of Ethics.

75. Paragraph 75 purports to characterize and quote a "Code of Ethics," which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith, and states that APA did not adopt the cited Code of Ethics.

76. Paragraph 76 purports to characterize and quote a "Code of Ethics," which speaks for itself, and APA refers to that document for its complete and accurate contents.

APA denies any allegations inconsistent therewith, and states that APA did not adopt the cited Code of Ethics.

77. The allegations in Paragraph 77 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 77 concern entities other than APA and/or cash sweep programs offered by entities other than APA, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 77 purports to characterize and quote an unspecified "Code of Ethics," which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith, and states that APA did not adopt the cited Code of Ethics.

APA denies the remaining allegations in Paragraph 77**.**

78. APA denies the allegations in Paragraph 78 and states that APA did not adopt the cited Code of Ethics.

**C. Defendants' Cash Sweep Programs**

79. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 79 and therefore denies them.

80. To the extent Plaintiffs' allegations in Paragraph 80 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA states that APFS introduced customers to clearing firms that offered brokerage accounts, investment advisory agreements, and IRA accounts that included access to a cash sweep program, and the cash sweep programs allowed clients to earn interest on uninvested cash.

APA denies the remaining allegations in Paragraph 80.

81. To the extent Plaintiffs' allegations in Paragraph 81 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 81 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

82. To the extent Plaintiffs' allegations in Paragraph 82 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 82 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

83. The allegations in Paragraph 83 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 83 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

**1. The AP Cash Sweep Program**

84. To the extent Plaintiffs' allegations in Paragraph 84 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA states that its affiliate, APFS, offered a cash sweep program to its clients.

APA denies the remaining allegations in Paragraph 84.

85. Paragraph 85 purports to characterize and quote an "American Portfolios FDIC Insured Bank Deposit Program Disclosure Statement" document, which speaks for

itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 85.

86. Paragraph 86 purports to characterize and quote an unspecified version of the "American Portfolios FDIC Insured Bank Deposit Program Disclosure Statement" document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 86.

87. Paragraph 87 purports to characterize and quote an unspecified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith, except to state that Pershing acted as the authorized agent for APFS's cash sweep program.

88. To the extent Plaintiffs' allegations in Paragraph 88 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 88 purports to characterize and quote an unspecified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith, except states that APFS could change, add, or delete the sweep options available in an account, or the terms and conditions of its BDSP.

89. APA admits that after APA's client agreements were assigned to Osaic Wealth and/or its affiliate Osaic Advisory Services, Inc., customers who had a brokerage account at Pershing that was introduced by APFS had the opportunity to participate in Osaic Wealth's cash sweep program.

APA denies the remaining allegations in Paragraph 89.

**2. Osaic's Cash Sweep Program**

90. To the extent Plaintiffs' allegations in Paragraph 90 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 90 purports to characterize and quote from an unspecified document regarding "Osaic's Cash Sweep Programs," which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

91. To the extent Plaintiffs' allegations in Paragraph 91 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 91 purports to characterize and quote from an unspecified document regarding "Osaic's Cash Sweep Programs," which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

92. To the extent Plaintiffs' allegations in Paragraph 92 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 92 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

93. To the extent Plaintiffs' allegations in Paragraph 93 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 93 are directed

to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

94. To the extent Plaintiffs' allegations in Paragraph 94 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 94 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

95. To the extent Plaintiffs' allegations in Paragraph 95 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 95 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

96. To the extent Plaintiffs' allegations in Paragraph 96 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 96 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

97. To the extent Plaintiffs' allegations in Paragraph 97 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 97 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

98. The allegations in Paragraph 98 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 98 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 98 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

99. The allegations in Paragraph 99 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 99 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 99 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

100. To the extent Plaintiffs' allegations in Paragraph 100 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 100.

**3. Osaic Exercised De Facto Control over the Cash Sweep Programs**

101. The allegations in Paragraph 101 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 101 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 101.

102. The allegations in Paragraph 102 include legal conclusions, to which no response is required. To the extent Plaintiffs' allegations in Paragraph 102 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 102.

103. The allegations in Paragraph 103 include legal conclusions, to which no response is required. To the extent Plaintiffs' allegations in Paragraph 103 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 103.

**a. Eligibility**

104. To the extent Plaintiffs' allegations in Paragraph 104 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 104 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

105. To the extent Plaintiffs' allegations in Paragraph 105 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 105 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

106. To the extent Plaintiffs' allegations in Paragraph 106 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity

of those allegations and therefore denies them. The allegations in Paragraph 106 are directed to Osaic Institutions and are addressed in Osaic Institutions' answer to the Second Amended Complaint.

107. The allegations in Paragraph 107 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 107 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 107 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

**b. The Program Banks**

108. To the extent Plaintiffs' allegations in Paragraph 108 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA admits that its affiliate, APFS, provided to clients a list of participating Program Banks in the cash sweep programs and denies the remaining allegations in Paragraph 108.

109. To the extent Plaintiffs' allegations in Paragraph 109 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 109 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

110. To the extent Plaintiffs' allegations in Paragraph 110 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 110 purports to characterize and quote unidentified “Cash Sweep Documents,” which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 110.

111. To the extent Plaintiffs’ allegations in Paragraph 111 concern entities other than APA and/or cash sweep programs offered by entities other than APA’s affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 111 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth’s and Osaic Institutions’ answer to the Second Amended Complaint.

112. To the extent Plaintiffs’ allegations in Paragraph 112 concern entities other than APA and/or cash sweep programs offered by entities other than APA’s affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 112 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth’s and Osaic Institutions’ answer to the Second Amended Complaint.

**c. Rates of Interest and Fees**

113. To the extent Plaintiffs’ allegations in Paragraph 113 concern entities other than APA and/or cash sweep programs offered by entities other than APA’s affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 113 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth’s and Osaic Institutions’ answer to the Second Amended Complaint.

114. To the extent Plaintiffs’ allegations in Paragraph 114 concern entities other than APA and/or cash sweep programs offered by entities other than APA’s affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 114 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

115. To the extent Plaintiffs' allegations in Paragraph 115 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 115 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

116. To the extent Plaintiffs' allegations in Paragraph 116 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 116 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

117. The allegations in Paragraph 117 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 117 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 117.

**D. Defendants Breached Their Fiduciary Duties and Contractual Obligations**

118. The allegations in Paragraph 118 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 118 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity

of those allegations and therefore denies them. The allegations in Paragraph 118 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

119. APA denies the allegations in Paragraph 119, except states that the interest rates that clients received in the APFS Cash Sweep Program were sometimes 0.01% in 2022.

120. To the extent Plaintiffs' allegations in Paragraph 120 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 120.

121. To the extent Plaintiffs' allegations in Paragraph 121 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 121 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

122. To the extent Plaintiffs' allegations in Paragraph 122 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 122 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

123. To the extent Plaintiffs' allegations in Paragraph 123 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 123 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

124. To the extent Plaintiffs' allegations in Paragraph 124 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 124 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

125. To the extent Plaintiffs' allegations in Paragraph 125 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 125 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

126. The allegations in Paragraph 126 are legal conclusions, to which no response is required.

127. The allegations in Paragraph 127 are legal conclusions, to which no response is required.

128. The allegations in Paragraph 128 are legal conclusions, to which no response is required.

129. The allegations in Paragraph 129 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 129 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 129.

130. The allegations in Paragraph 130 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 130 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 130.

131. APA denies the allegations in Paragraph 131.

**1. The Federal Funds Rate**

132. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 132 and therefore denies them.

133. APA denies the characterization of "significantly," but states that the Federal Funds Rate increased from 1.41% to 2.27% in 2018, decreased from 2.4% to 1.55% in 2019, and increased from 0.2% in March 2022 to 5.33% in August 2024.

134. APA admits that the Federal Funds Rate had risen to 5.33% by August 2024 and that the federal rate went up from 0.08% in February 2022 to 5.33% in August 2024. APA otherwise denies the allegations in Paragraph 134.

135. To the extent Plaintiffs' allegations in Paragraph 135 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 135 and further states that the Federal Funds Rate was approximately 4.30% in the summer of 2024.

APA denies the remaining allegations in Paragraph 135.

**2. Interest on Short-Term U.S. Treasury Bills**

136. The allegations in Paragraph 136 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 136 concern entities other than

APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA also lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 136 regarding the yield on short-term U.S. Treasury Bills and therefore denies them.

APA denies the remaining allegations in Paragraph 136.

137. The allegations in Paragraph 137 include legal conclusions, to which no response is required.

APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 137 and therefore denies them except states that Treasury Bills are relatively safe compared to other short-term cash positions, are not federally insured, and that are not otherwise cash equivalents.

138. To the extent Plaintiffs' allegations in Paragraph 138 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 138 and further states that a T-bill is not a cash equivalent.

**3. Money Market Rates, Including Those Offered by Osaic**

139. APA denies the allegations in Paragraph 139.

140. The allegations in Paragraph 140 include legal conclusions, to which no response is required.

APA admits that money market funds invest in certain short-term debt instruments as prescribed by Rule 2(a)-7 of the Investment Company Act of 1940**,** but denies that U.S. Treasury Bills are cash equivalents**.**

141. APA admits the allegations in Paragraph 141.

142. To the extent Plaintiffs' allegations in Paragraph 142 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 142 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

143. To the extent Plaintiffs' allegations in Paragraph 143 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, including accounts custodied at NFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 143 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

**4. Other Institutions' Cash Sweep Account Interest Rates**

144. APA denies the allegations in Paragraph 144.

145. APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 145 and therefore denies them.

146. To the extent Plaintiffs' allegations in Paragraph 146 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, including accounts custodied at NFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 146 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

147. To the extent Plaintiffs' allegations in Paragraph 147 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 147 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

**5. The Interest Rate Applicable to Short-term Instruments, Such as Repurchase Agreements**

148. The allegations in Paragraph 148 are legal conclusions, to which no response is required.

149. The allegations in Paragraph 149 include legal conclusions, to which no response is required.

APA states that debt securities may be included as collateral in a repo transaction, such as the examples identified in Paragraph 149, and further states that repos are not cash equivalents.

150. The allegations in Paragraph 150 include legal conclusions, to which no response is required.

APA denies the remaining allegations in Paragraph 150.

**E. The Cash Sweep Programs Unfairly Benefit the Defendants**

151. To the extent Plaintiffs' allegations in Paragraph 151 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 151.

152. To the extent Plaintiffs' allegations in Paragraph 152 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 152 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA admits that APFS's cash sweep program provided APFS with revenue as

compensation for administration of the program.

153. To the extent Plaintiffs' allegations in Paragraph 153 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 153 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA admits that APFS's cash sweep program provided APFS with revenue as compensation for administration of the program. APA denies the remaining allegations in Paragraph 153.

154. To the extent Plaintiffs' allegations in Paragraph 154 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 154 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

Paragraph 154 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

155. To the extent Plaintiffs' allegations in Paragraph 155 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 155 purports to characterize and quote an unidentified "Form ADV," which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith and further states that APFS disclosed conflicts of interest in the cash sweep program.

APA denies the remaining allegations in Paragraph 155.

156. To the extent Plaintiffs' allegations in Paragraph 156 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 156 purports to characterize and quote an unidentified "Pershing Cash Sweep Document," which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith and further states that APFS disclosed that income it earned from Program Banks based on the client's balances in the BDSP would, in almost all circumstances, be substantially greater than the amount of interest clients earned from the same balances.

APA denies the remaining allegations in Paragraph 156.

157. The allegations in Paragraph 157 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 157 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 157.

158. The allegations in Paragraph 158 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 158 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 158 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the allegations in Paragraph 158.

159. To the extent Plaintiffs' allegations in Paragraph 159 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 159 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 159.

**1. Defendants' Fees Under the Bank Deposit Sweep Program**

160. To the extent Plaintiffs' allegations in Paragraph 160 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 160 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 160.

161. To the extent Plaintiffs' allegations in Paragraph 161 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 161 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 161.

162. The allegations in Paragraph 162 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 162 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity

of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 162.

163. To the extent Plaintiffs' allegations in Paragraph 163 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 163 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 163.

164. To the extent Plaintiffs' allegations in Paragraph 164 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 164 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies all remaining allegations in Paragraph 164.

165. To the extent Plaintiffs' allegations in Paragraph 165 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 165 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies all remaining allegations in Paragraph 165.

166. To the extent Plaintiffs' allegations in Paragraph 166 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 166 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 166.

**2. Defendants' Fees Under the AP Cash Sweep Program and Insured Cash Account Program**

167. To the extent Plaintiffs' allegations in Paragraph 167 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 167 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 167.

168. To the extent Plaintiffs' allegations in Paragraph 168 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 168 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 168.

169. To the extent Plaintiffs' allegations in Paragraph 169 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 169 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 169.

170. To the extent Plaintiffs' allegations in Paragraph 170 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 170 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

171. To the extent Plaintiffs' allegations in Paragraph 171 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA admits that, under the American Portfolios FDIC Insured Bank Deposit Program, as the Federal Fund Target Rate increased, the monthly per account fee paid to APFS by the Participating Banks also increased, up to a maximum monthly per account fee of $22.50.

APA denies the remaining allegations in Paragraph 171.

172. To the extent Plaintiffs' allegations in Paragraph 172 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 172 purports to characterize and quote an unidentified fee schedule from an APA disclosure made by APA, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

173. To the extent Plaintiffs' allegations in Paragraph 173 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 173 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 173.

174. APA denies the allegations in Paragraph 174.

175. To the extent Plaintiffs' allegations in Paragraph 175 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 175.

176. To the extent Plaintiffs' allegations in Paragraph 176 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 176 purports to characterize and quote an unidentified document, which speaks for itself, and APA refers to that document for its complete and accurate contents. APA denies any allegations inconsistent therewith.

APA denies the remaining allegations in Paragraph 176.

177. To the extent Plaintiffs' allegations in Paragraph 177 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 177.

**3. Osaic Reaps Substantial Profits at the Expense of its Customers**

178. To the extent Plaintiffs' allegations in Paragraph 178 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 178 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 178.

179. To the extent Plaintiffs' allegations in Paragraph 179 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 179 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 179.

180. To the extent Plaintiffs' allegations in Paragraph 180 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 180 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 180.

181. To the extent Plaintiffs' allegations in Paragraph 181 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 181 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 181.

182. To the extent Plaintiffs' allegations in Paragraph 182 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 182 are

directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 182.

183. To the extent Plaintiffs' allegations in Paragraph 183 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 183 are directed to Osaic Wealth and Osaic Institutions and are addressed in Osaic Wealth's and Osaic Institutions' answer to the Second Amended Complaint.

APA denies the remaining allegations in Paragraph 183.

184. To the extent Plaintiffs' allegations in Paragraph 184 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies the remaining allegations in Paragraph 184.

## V. CLASS ACTION ALLEGATIONS

185. APA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 184 of the Amended Complaint as though fully set forth herein.

APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

186. APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

187. APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

188. The allegations in Paragraph 188 are legal conclusions, to which no response is required. To the extent a response is required, APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

189. APA denies that it has thousands of customers nationwide and denies that it oversees more than $500 billion in client assets through thousands of financial advisors.

The remaining allegations in Paragraph 189 are legal conclusions, to which no response is required. To the extent a response is required, APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

190. To the extent Plaintiffs' allegations in Paragraph 190 concern entities other than APA and/or cash sweep programs offered by entities other than APA's affiliate, APFS, APA lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

APA admits that it communicated with its customers by mail and/or electronically.

191. The allegations in Paragraph 191 are legal conclusions, to which no response is required. To the extent that a response is required, APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

192. The allegations in Paragraph 192 are legal conclusions, to which no response is required. To the extent that a response is required, APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

193. The allegations in Paragraph 193 are legal conclusions, to which no response is required. To the extent that a response is required, APA denies that any putative class

may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

194. The allegations in Paragraph 194 are legal conclusions, to which no response is required. To the extent that a response is required, APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

195. The allegations in Paragraph 195 are legal conclusions, to which no response is required. To the extent that a response is required, APA denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

## VI. CLAIMS ALLEGED

### FIRST CAUSE OF ACTION
**Breach of Fiduciary Duty**
**(Against All Defendants)**

196. APA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

197. The allegations in Paragraph 197 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 197.

198. The allegations in Paragraph 198 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 198.

199. The allegations in Paragraph 199 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 199.

200. The allegations in Paragraph 200 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 200.

201. The allegations in Paragraph 201 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 201.

202. The allegations in Paragraph 202 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 202.

203. The allegations in Paragraph 203 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 203.

**SECOND CAUSE OF ACTION**
**Breach of Contract**
**(Against All Defendants)**

204. APA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

205. The allegations in Paragraph 205 are legal conclusions, to which no response is required.

206. The allegations in Paragraph 206 are legal conclusions, to which no response is required.

Paragraph 206 also purports to characterize and quote unidentified "governing documents," which speak for themselves, and APA refers to those documents for their complete and accurate contents. APA denies any allegations inconsistent therewith.

207. The allegations in Paragraph 207 are legal conclusions, to which no response is required.

208. The allegations in Paragraph 208 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 208.

209. The allegations in Paragraph 209 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 209.

210. The allegations in Paragraph 210 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 210.

211. The allegations in Paragraph 211 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 211.

## THIRD CAUSE OF ACTION
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Against Defendants APA, Osaic Wealth, and Osaic Institutions)**

212. APA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

213. The allegations in Paragraph 213 are legal conclusions, to which no response is required.

214. The allegations in Paragraph 214 are legal conclusions, to which no response is required.

215. The allegations in Paragraph 215 are legal conclusions, to which no response is required.

216. The allegations in Paragraph 216 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 216.

217. The allegations in Paragraph 217 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 217.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Against Defendants APA, Osaic Wealth, and Osaic Institutions)**

218. APA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

219. No response is required because the unjust enrichment claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 219 are also legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 219.

220. No response is required because the unjust enrichment claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 220 are also legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 220.

221. No response is required because the unjust enrichment claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 221 are also legal conclusions, to which no response is required.

222. No response is required because the unjust enrichment claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 222 are also legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 221.

223. No response is required because the unjust enrichment claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 223 are also legal conclusions, to which no response is required.

**<u>FIFTH CAUSE OF ACTION</u>**
**Violation of the Investment Advisers Act of 1940**
**(Against All Defendants)**

224. APA repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

225. No further response is required because the Investment Advisers Act of 1940 claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

To the extent a response is required, APA admits that APA was registered as an investment adviser under the Advisers Act and that APA's client agreements were assigned to Osaic Wealth, Inc. and/or its affiliate Osaic Advisory Services, Inc. The remaining allegations in Paragraph 225 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

226. No response is required because the Investment Advisers Act of 1940 claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 226 are legal conclusions, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 226.

227. No response is required because the Investment Advisers Act of 1940 claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegation in Paragraph 227 is also a legal conclusion, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 227.

228. No response is required because the Investment Advisers Act of 1940 claim against APA has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegation in Paragraph 228 is also a legal conclusion, to which no response is required.

To the extent a response is required, APA denies the allegations in Paragraph 228.

## VII. REQUEST FOR RELIEF

APA denies that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

APA asserts the below affirmative defenses and reserves all rights to amend or supplement these defenses at a later time, when and if amended or additional defenses become appropriate and/or available in this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members. The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack standing to assert their claims and/or because Plaintiffs have not asserted or sustained a legally cognizable injury.

### THIRD AFFIRMATIVE DEFENSE

APA is not liable because to the extent Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

### FOURTH AFFIRMATIVE DEFENSE

This action may not be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches and other related doctrines and principles.

**SIXTH AFFIRMATIVE DEFENSE**

Any injury or damage suffered by Plaintiffs would be adequately compensated in an action at law for damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the damages sought are too speculative, remote, and/or without basis in law or fact.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, on the grounds that at all times alleged in the Complaint, Plaintiffs expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or part, because they received interest on their uninvested cash in accordance with their contracts.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or part, because APA's acts or conduct did not directly or proximately cause any harm that Plaintiffs allegedly suffered.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover attorneys' fees and costs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because APA never assumed or breached any of the purported duties or obligations alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because APA expressly disclosed all purported conflicts of interest.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise any applicable rights they may have had under the agreements, including their right to opt out of the cash sweep programs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any of the relief sought in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are subject to an arbitration clause in the event that a class is not certified in this matter.

Dated: August 31, 2026

*/s/ Lori A. Martin*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Lori A. Martin (admitted *pro hac vice*)
Andrew Rhys Davies (admitted *pro hac vice*)
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
lori.martin@wilmerhale.com
andrew.davies@wilmerhale.com

Robert K. Smith (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
robert.smith@wilmerhale.com

**STINSON LLP**
Dan W. Goldfine (#018788)
Bernard E. Gburek III (#041030)
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone: (602) 212-8661
dan.goldfine@stinson.com
bernard.gburek@stinson.com

*Counsel for Defendants*