**WILMER CUTLER PICKERING
HALE AND DORR LLP**
Lori A. Martin (admitted *pro hac vice*)
Andrew Rhys Davies (admitted *pro hac vice*)
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
lori.martin@wilmerhale.com
andrew.davies@wilmerhale.com

Robert K. Smith (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
robert.smith@wilmerhale.com

**STINSON LLP**
Dan W. Goldfine (#018788)
Bernard E. Gburek III (#041030)
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone: (602) 212-8661
dan.goldfine@stinson.com
bernard.gburek@stinson.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Gehring, Harold Hunt, and Jeana Norris, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>American Portfolios Advisors, Inc., Osaic, Inc., Osaic Institutions, Inc., and Osaic Wealth, Inc.<br><br>Defendants. | Case No. 2:25-cv-00367-KML<br><br>**OSAIC INSTITUTIONS, INC.'S ANSWER TO SECOND AMENDED COMPLAINT** |

Osaic Institutions, Inc. ("Osaic Institutions"), by its attorneys, hereby answers Plaintiffs' Second Amended Complaint, dated February 16, 2026 (the "Complaint"). Osaic Institutions denies all allegations in the Complaint to the extent the allegations suggest that Osaic Institutions breached any contract with Plaintiffs or breached the implied covenant of good faith and fair dealing with respect to any contract with Plaintiffs.

Osaic Institutions further responds to the specific allegations in the Complaint as follows:

## I. INTRODUCTION

1. To the extent Plaintiffs' allegations in Paragraph 1 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

The additional allegations in Paragraph 1 are legal conclusions, to which no response is required. To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 1, except states that Plaintiffs have brought this action as a putative class action.

2. To the extent Plaintiffs' allegations in Paragraph 2 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions also lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning "a typical cash sweep program" and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 2.

3. To the extent Plaintiffs' allegations in Paragraph 3 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 3, except states that

a portion of the interest earned on invested cash pays Osaic Institutions for the services it provides.

4. To the extent Plaintiffs' allegations in Paragraph 4 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 4, except states that it discloses its fee for administering the cash sweep program.

5. To the extent Plaintiffs' allegations in Paragraph 5 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 5 and refers to the Securities and Exchange Commission ("SEC") resolutions identified in Paragraph 5 for the terms thereof.

6. To the extent Plaintiffs' allegations in Paragraph 6 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that this action has been brought as a putative class action.

Osaic Institutions denies the remaining allegations in Paragraph 6.

## II. JURISDICTION AND VENUE

7. The allegations in Paragraph 7 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 7 concern the proposed class, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations.

8. The allegations in Paragraph 8 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 8 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

9. The allegations in Paragraph 9 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 9 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

## III. PARTIES

### A. Plaintiffs

10. To the extent Plaintiffs' allegations in Paragraph 10 concern individuals or entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. Osaic Institutions denies the remaining allegations in Paragraph 10.

11. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity as to the allegation that Hunt is a citizen of Tennessee and therefore denies it.

Osaic Institutions admits that Hunt maintained a non-advisory brokerage IRA with Infinex Investments, Inc. (now Osaic Institutions), and that Hunt's non-advisory brokerage IRA participated in Osaic Institutions' bank deposit sweep program.

Osaic Institutions denies the remaining allegations in Paragraph 11.

12. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity as to the allegation that Norris is a citizen of Tennessee and therefore denies it.

Osaic Institutions admits that Norris maintained a non-advisory brokerage IRA with Infinex Investments, Inc. (now Osaic Institutions), and that Norris' non-advisory brokerage IRA participated in Osaic Institutions' bank deposit sweep program.

Osaic Institutions denies the remaining allegations in Paragraph 12.

**B. Defendants**

13. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 13 and therefore denies them. The allegations in Paragraph 13 are directed to American Portfolios Advisors, Inc. ("APA") and are addressed in APA's answer to the Second Amended Complaint.

14. Osaic Institutions admits that Osaic, Inc. is a Maryland corporation with its headquarters in Scottsdale, Arizona and is a wholly-owned subsidiary of Osaic Holdings, Inc. Osaic Institutions further admits that it administers a cash sweep program. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 14 and therefore denies them.

15. Osaic Institutions admits that it is registered with the SEC as an investment adviser and broker-dealer and is a member of Financial Industry Regulatory Authority ("FINRA"). Osaic Institutions is owned by Osaic Institutions Financial Holdings, Inc., which was acquired by Osaic Holdings, Inc. on October 3, 2022. Osaic Institutions is a Connecticut corporation headquartered in Meriden, Connecticut.

16. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16 and therefore denies them. The allegations in Paragraph 16 are directed to Osaic Wealth, Inc. ("Osaic Wealth") and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

17. Paragraph 17 does not include any factual allegations to which a response is required.

### C. Relevant Non-Parties

18. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 18 and therefore denies them. The allegations in Paragraph 18 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

19. Osaic Institutions lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19 and therefore denies them. The allegations in Paragraph 19 are directed to APA and Osaic Wealth and are addressed in APA's and Osaic Wealth's answers to the Second Amended Complaint.

20. Osaic Institutions denies the allegations in Paragraph 20, except to state that Infinex Financial Holdings, Inc. was acquired by Advisor Group in May 2022 and Infinex Investments, Inc. became Osaic Institutions in November 2023.

## IV. FACTUAL BACKGROUND

### A. Background on Osaic

21. To the extent Plaintiffs' allegations in Paragraph 21 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations and therefore denies them.

Osaic Institutions denies the allegations in Paragraph 21, except to state that Osaic Institutions has approximately 750 financial professionals managing approximately $48 billion in assets.

22. To the extent Plaintiffs' allegations in Paragraph 22 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 22, except to state that Infinex Investments, Inc. was acquired by Advisor Group in 2022.

23. To the extent Plaintiffs' allegations in Paragraph 23 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 23.

**1. Growth and Acquisitions**

24. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 24 and therefore denies them.

25. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 25 and therefore denies them.

26. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 26 and therefore denies them.

27. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 27 and therefore denies them.

28. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 28 and therefore denies them.

29. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 29 and therefore denies them.

30. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 30 and therefore denies them. The allegations in Paragraph 30 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

31. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 31 and therefore denies them.

**2. Consolidation and Integration**

32. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 32 and therefore denies them.

33. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 33 and therefore denies them, except to state that Infinex Investments, Inc. became Osaic Institutions in November 2023.

34. To the extent Plaintiffs' allegations in Paragraph 34 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 34 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

**B. Defendants' Duties to Their Clients**

**1. Defendants Acting as Investment Advisers Owe Fiduciary Duties to Their Clients**

35. Osaic Institutions admits that it offers investment advisory services to retail or individual customers.

To the extent Plaintiffs' allegations in Paragraph 35 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

36. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 36 and therefore denies them. The allegations in Paragraph 36 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

37. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 37 and therefore denies them. The allegations in Paragraph 37 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

38. The allegations in Paragraph 38 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 38 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 38 are directed to APA and Osaic Wealth and are addressed in APA's and Osaic Wealth's answers to the Second Amended Complaint.

39. To the extent Plaintiffs' allegations in Paragraph 39 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 39 purports to characterize and quote unidentified documents, which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegation in Paragraph 39.

40. The allegations in Paragraph 40 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 40 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations in Paragraph 40 and therefore denies them.

41. The allegations in Paragraph 41 are legal conclusions, to which no response is required.

Paragraph 41 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

42. The allegations in Paragraph 42 are legal conclusions, to which no response is required.

43. Paragraph 43 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

44. The allegations in Paragraph 44 are legal conclusions, to which no response is required.

Paragraph 44 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

45. The allegations in Paragraph 45 are legal conclusions, to which no response is required.

Paragraph 45 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

46. The allegations in Paragraph 46 are legal conclusions, to which no response is required.

Paragraph 46 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

**2. Defendants as Broker-Dealers Owe Duties to Act in the Best Interests of Their Clients**

47. The allegations in Paragraph 47 are legal conclusions, to which no response is required.

48. The allegations in Paragraph 48 are legal conclusions, to which no response is required.

Paragraph 48 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

49. The allegations in Paragraph 49 are legal conclusions, to which no response is required.

Paragraph 49 purports to characterize and quote Regulation Best Interest: The Broker-Dealer Standard of Conduct, 84 Fed. Reg. 33381-01 (July 12, 2014) (“Reg BI”), which speaks for itself, and Osaic Institutions refers to that regulation for its complete and

accurate contents.

50. The allegations in Paragraph 50 are legal conclusions, to which no response is required.

Paragraph 50 purports to characterize and quote unspecified SEC guidance, which speaks for itself, and Osaic Institutions refers to that guidance for its complete and accurate contents.

51. The allegations in Paragraph 51 are legal conclusions, to which no response is required.

Paragraph 51 purports to characterize and quote Reg BI, which speaks for itself, and Osaic Institutions refers to that regulation for its complete and accurate contents.

52. The allegations in Paragraph 52 are legal conclusions, to which no response is required.

Paragraph 52 purports to characterize an August 2023 SEC Staff Bulletin, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

53. The allegations in Paragraph 53 are legal conclusions, to which no response is required.

Paragraph 53 purports to characterize and quote an SEC document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

54. To the extent Plaintiffs' allegations in Paragraph 54 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 54 purports to characterize and quote unidentified "account agreements, brochures, forms and other documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

### 3. Defendants' Duties to Secure a Reasonable Rate of Interest in IRA Accounts

55. The allegations in Paragraph 55 are legal conclusions, to which no response is required.

56. The allegations in Paragraph 56 are legal conclusions, to which no response is required.

Paragraph 56 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

57. The allegations in Paragraph 57 are legal conclusions, to which no response is required.

Paragraph 57 purports to characterize and quote IRS Publication 590, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

58. The allegations in Paragraph 58 are legal conclusions, to which no response is required.

Paragraph 58 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

59. The allegations in Paragraph 59 are legal conclusions, to which no response is required.

Paragraph 59 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents.

60. The allegations in Paragraph 60 are legal conclusions, to which no response is required.

Paragraph 60 purports to characterize and quote Section 4975 of the Internal Revenue Code, which speaks for itself, and Osaic Institutions refers to that document for

its complete and accurate contents.

61. The allegations in Paragraph 61 are legal conclusions, to which no response is required.

Paragraph 61 purports to characterize and quote Section 54.4975 of the U.S. Treasury regulations, which speaks for itself, and Osaic Institutions refers to that regulation for its complete and accurate contents.

62. The allegations in Paragraph 62 are legal conclusions, to which no response is required.

**4. Defendants Are Contractually Obligated to Act in the Clients' Best Interest and Pay a Reasonable Rate of Interest**

63. To the extent Plaintiffs' allegations in Paragraph 63 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations in Paragraph 63 and therefore denies them.

Osaic Institutions admits that each customer is provided with standardized documents, applicable to their specific client account type, upon opening a new account.

Paragraph 63 purports to characterize and quote Account Agreements, which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 63.

64. The allegations in Paragraph 64 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 64 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations in Paragraph 64 and therefore denies them.

Osaic Institutions admits that it provided Osaic Institutions clients with a Form CRS. Osaic Institutions denies the remaining allegations in Paragraph 64.

65. The allegations in Paragraph 65 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 65 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 65 purports to characterize and quote an unidentified version of Osaic Institutions' Form CRS, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

66. To the extent Plaintiffs' allegations in Paragraph 66 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 66 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

67. The allegations in Paragraph 67 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 67 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 67 purports to characterize and quote an unidentified version of Osaic Institutions' Form CRS, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

68. To the extent Plaintiffs' allegations in Paragraph 68 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 68.

69. The allegations in Paragraph 69 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 69 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 69 purports to characterize and quote unidentified "Cash Sweep Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

70. The allegations in Paragraph 70 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 70 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 70 purports to characterize unidentified "contractual agreements," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith, including that the cash sweep documents included an obligation to provide a reasonable rate of return on uninvested cash.

71. The allegations in Paragraph 71 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 71 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions,

Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 71 purports to characterize and quote a "Fiduciary Acknowledgment," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

72. The allegations in Paragraph 72 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 72 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 72 purports to characterize and quote a "Fiduciary Acknowledgment," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

**5. The Osaic Defendants' Code of Ethics**

73. The allegations in Paragraph 73 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 73 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 73 and states that Osaic Institutions did not adopt the cited Code of Ethics.

74. The allegations in Paragraph 74 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 74 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth

or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 74 and states that Osaic Institutions did not adopt the cited Code of Ethics.

75. Paragraph 75 purports to characterize and quote a "Code of Ethics," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith, and states that Osaic Institutions did not adopt the cited Code of Ethics.

76. Paragraph 76 purports to characterize and quote a "Code of Ethics," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith, and states that Osaic Institutions did not adopt the cited Code of Ethics.

77. The allegations in Paragraph 77 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 77 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 77 purports to characterize and quote an unspecified "Code of Ethics," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith, and states that Osaic Institutions did not adopt the cited Code of Ethics.

Osaic Institutions denies the remaining allegations in Paragraph 77.

78. Osaic Institutions denies the remaining allegations in Paragraph 78 and states that Osaic Institutions did not adopt the cited Code of Ethics.

**C. Defendants' Cash Sweep Programs**

79. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 79 and therefore denies them.

80. To the extent Plaintiffs' allegations in Paragraph 80 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions states that it introduces customers to clearing firms that offer brokerage accounts, investment advisory agreements, and IRA accounts that include access to a cash sweep program, and the cash sweep programs allow clients to earn interest on uninvested cash.

Osaic Institutions denies the remaining allegations in Paragraph 80.

81. To the extent Plaintiffs' allegations in Paragraph 81 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 81.

82. To the extent Plaintiffs' allegations in Paragraph 82 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 82 are directed to Osaic Wealth and are addressed in Osaic Wealth's answer to the Second Amended Complaint.

83. The allegations in Paragraph 83 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 83 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

**1. The AP Cash Sweep Program**

84. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 84 and therefore denies them. The allegations in Paragraph 84 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

85. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 85 and therefore denies them.

The allegations in Paragraph 85 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

86. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 86 and therefore denies them. The allegations in Paragraph 86 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

87. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 87 and therefore denies them. The allegations in Paragraph 87 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

88. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 88 and therefore denies them. The allegations in Paragraph 88 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

89. To the extent Plaintiffs' allegations in Paragraph 89 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 89 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

**2. Osaic's Cash Sweep Program**

90. To the extent Plaintiffs' allegations in Paragraph 90 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 90 purports to characterize and quote from an unspecified document regarding "Osaic's Cash Sweep Programs," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

91. To the extent Plaintiffs' allegations in Paragraph 91 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 91 purports to characterize and quote from an unspecified document regarding "Osaic's Cash Sweep Programs," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that free credit balances are uninvested cash and swept into interest-bearing accounts.

92. To the extent Plaintiffs' allegations in Paragraph 92 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 92 purports to characterize unspecified "disclosure documents" regarding "Osaic Cash Sweep Programs," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that it offers a cash sweep program for accounts introduced to Pershing.

93. To the extent Plaintiffs' allegations in Paragraph 93 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that it offers a cash sweep program for accounts introduced to Pershing.

Osaic Institutions denies the remaining allegations Paragraph 93.

94. To the extent Plaintiffs' allegations in Paragraph 94 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 94 purports to characterize and quote from an unspecified document regarding "Osaic's Cash Sweep Programs," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that Osaic Institutions accounts are custodied at Pershing, which acts as the clearing firm with respect to those accounts.

95. The allegations in Paragraph 95 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 95 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 95 purports to characterize "two disclosure documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that it publishes disclosure documents for accounts introduced at Pershing. Osaic Institutions denies the allegations in Paragraph 95 that Osaic

Institutions publishes disclosure documents for accounts introduced at NFS.

96. To the extent Plaintiffs' allegations in Paragraph 96 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that free credit balances in accounts enrolled in the Bank Deposit Sweep Program ("BDSP") and Insured Cash Account Program ("ICAP") are swept into these programs.

97. To the extent Plaintiffs' allegations in Paragraph 97 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 97 purports to characterize the "Pershing Cash Sweep Document," which speak for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that customers who had opened accounts at Infinex were enrolled in Osaic Institutions' cash sweep program after the acquisition following notice to clients.

98. The allegations in Paragraph 98 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 98 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 98 purports to characterize and quote from a document concerning a BDSP, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith. Osaic Institutions further states that the BDSP is the default sweep product for

all account types, including commission-based accounts, with the exception of advised IRAs and ERISA Title 1 account types.

99. The allegations in Paragraph 99 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 99 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 99 purports to characterize and quote from a document concerning an ICAP, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith. Osaic Institutions further states that it offers the ICAP as the default sweep product to its advisory, fee-based IRA account clients, and that the program is limited to advisory IRA accounts where an advisory fee is charged by Osaic Institutions or an affiliated investment adviser.

Osaic Institutions denies the remaining allegations in Paragraph 99.

100. To the extent Plaintiffs' allegations in Paragraph 100 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 100. Osaic Institutions further states that the BDSP and ICAP pay a rate or fee on idle cash and place the client cash into one or more Program Banks, but that the yield is determined differently, by different entities, under each program.

**3. Osaic Exercised De Facto Control over the Cash Sweep Programs**

101. The allegations in Paragraph 101 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 101 concern entities other than

Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations in Paragraph 101 and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 101.

102. The allegations in Paragraph 102 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 102 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions (i) denies that Osaic Institutions automatically selected and placed client funds into the respective cash sweep programs because the determination to participate in the program is up to the client; (ii) admits that it determines client eligibility in the cash sweep programs; (iii) denies that it establishes and changes interest rates set by the Program Banks; (iv) admits that it determines the tier levels (if applicable) at which interest rates are paid in the BDSP; and (v) denies that it determines the amount of fees received by the Clearing Firms and other service providers.

103. The allegations in Paragraph 103 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 103 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 103.

**a. Eligibility**

104. To the extent Plaintiffs' allegations in Paragraph 104 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 104 purports to characterize and quote from unidentified "Cash Sweep Program Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 104 and further states that the ERISA Title I accounts, Section 403(b)(7) accounts, and Keough Plans are excluded from the BDSP and ICAP products and that Osaic Institutions may revise the list of account types that are not eligible for the BDSP or ICAP.

105. To the extent Plaintiffs' allegations in Paragraph 105 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 105 purports to characterize and quote from unidentified "Cash Sweep Program Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 105 and further states that Osaic Institutions has the right to modify eligibility for the BDSP and ICAP at any time.

106. To the extent Plaintiffs' allegations in Paragraph 106 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 106 purports to characterize and quote from an unidentified notice, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that Infinex accounts were enrolled in the Osaic Institutions cash sweep program on or around February 6, 2023.

107. The allegations in Paragraph 107 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 107 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 107 purports to characterize and quote from unidentified "Cash Sweep Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 107 except states that Osaic Institutions may make changes or modifications to the cash sweep program.

**b. The Program Banks**

108. To the extent Plaintiffs' allegations in Paragraph 108 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that it provides to clients a list of participating Program Banks in the cash sweep programs and denies the remaining allegations in Paragraph 108.

109. To the extent Plaintiffs' allegations in Paragraph 109 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 109 purports to characterize and quote unidentified "Cash Sweep Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations

inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 109, except states that the Program Bank List is updated and that the changes have been posted on the website of Osaic Institutions since approximately February 2023, and that updates have included the replacement of Program Banks.

110. To the extent Plaintiffs' allegations in Paragraph 110 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 110 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 110.

111. To the extent Plaintiffs' allegations in Paragraph 111 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 111 purports to characterize and quote unidentified "Cash Sweep Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that clients cannot change the order of the Program Banks.

112. To the extent Plaintiffs' allegations in Paragraph 112 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 112 purports to quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic

Institutions denies any allegations inconsistent therewith and further states that Osaic Institutions' clients do not have a direct account relationship with the Program Banks.

**c. Rates of Interest and Fees**

113. To the extent Plaintiffs' allegations in Paragraph 113 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 112 purports to characterize and quote unspecified "Cash Sweep Agreements" and "Form ADV," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that the Cash Review Committee determines the rate of interest for the BDSPs, and began setting rates for the Infinex BDSP when the Infinex program was converted into the Osaic cash sweep program beginning in February 2023.

114. To the extent Plaintiffs' allegations in Paragraph 114 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 114 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that the rate is determined by a Cash Review Committee for the BDSP.

Osaic Institutions denies the remaining allegations in Paragraph 114.

115. The allegations in Paragraph 115 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 115 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as

to the truth or the falsity of those allegations and therefore denies them.

Paragraph 115 purports to characterize and quote unidentified "Cash Sweep Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 115.

116. To the extent Plaintiffs' allegations in Paragraph 116 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 116 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that, with respect to the ICAP, Osaic Institutions may reduce the portion of the payment that it receives from the Program Banks.

117. The allegations in Paragraph 117 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 117 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 117.

**D. Defendants Breached Their Fiduciary Duties and Contractual Obligations**

118. The allegations in Paragraph 118 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 118 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 118.

119. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 119 and therefore denies them. The allegations in Paragraph 119 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

120. To the extent Plaintiffs' allegations in Paragraph 120 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 120.

121. To the extent Plaintiffs' allegations in Paragraph 121 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that Paragraph 121 identifies Osaic Institutions' Cash Sweep Rate List for the BDSP for Pershing as of January 17, 2025. The document speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

122. To the extent Plaintiffs' allegations in Paragraph 122 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that Paragraph 122 identifies Osaic Institutions' Cash Sweep Rate List for the ICAP for Pershing as of January 16, 2025. Those documents speak for themselves, and Osaic Institutions refers to them for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

123. To the extent Plaintiffs' allegations in Paragraph 123 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 123.

124. To the extent Plaintiffs' allegations in Paragraph 124 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 124.

125. To the extent Plaintiffs' allegations in Paragraph 125 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that the rates of interest paid to Osaic Institutions customers participating in the cash sweep programs were net of "fees."

Osaic Institutions denies the remaining allegation in Paragraph 125.

126. The allegations in Paragraph 126 are legal conclusions, to which no response is required.

127. The allegations in Paragraph 127 are legal conclusions, to which no response is required.

128. The allegations in Paragraph 128 are legal conclusions, to which no response is required.

129. The allegations in Paragraph 129 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 129 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as

to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 129.

130. The allegations in Paragraph 130 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 130 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 130.

131. Osaic Institutions denies the allegations in Paragraph 131.

**1. The Federal Funds Rate**

132. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 132 and therefore denies them.

133. Osaic Institutions denies the characterization of "significantly," but states that the Federal Funds Rate increased from 1.41% to 2.27% in 2018, decreased from 2.4% to 1.55% in 2019, and increased from 0.2% in March 2022 to 5.33% in August 2024.

134. Osaic Institutions admits that Federal Funds Rate had risen to 5.33% by August 2024, and that the federal rate went up from 0.08% in February 2022 to 5.33% in August 2024. Osaic Institutions otherwise denies the allegations in Paragraph 134.

135. To the extent Plaintiffs' allegations in Paragraph 135 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 135 and further states that the Federal Funds Rate was approximately 4.30% in the summer of 2024.

**2. Interest on Short-Term U.S. Treasury Bills**

136. The allegations in Paragraph 136 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 136 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions also lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 136 regarding the yield on short-term U.S. Treasury Bills and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 136.

137. The allegations in Paragraph 137 include legal conclusions, to which no response is required.

Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 137 and therefore denies them except states that Treasury Bills are relatively safe compared to other short-term cash positions, are not federally insured, and are not otherwise cash equivalents.

138. To the extent Plaintiffs' allegations in Paragraph 138 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 138 and further states that a T-bill is not a cash equivalent.

**3. Money Market Rates, Including Those Offered by Osaic**

139. Osaic Institutions denies the allegations in Paragraph 139.

140. The allegations in Paragraph 140 include legal conclusions, to which no response is required.

Osaic Institutions admits that money market funds invest in certain short-term debt instruments as prescribed by Rule 2(a)-7 of the Investment Company Act of 1940 but denies that U.S. Treasury Bills are cash equivalents.

141. Osaic Institutions admits the allegations in Paragraph 141.

142. To the extent Plaintiffs' allegations in Paragraph 142 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 142 purports to characterize and quote an unidentified document concerning "Money Market Funds," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that money market mutual funds are available to purchase by accounts custodied at Pershing and that the Money Market Funds are the default sweep option for certain account types.

Osaic Institutions denies the remaining allegations in Paragraph 142.

143. To the extent Plaintiffs' allegations in Paragraph 143 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, including accounts custodied at NFS, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that as of February 2025, the Federated Hermes Government Reserves Fund for Osaic accounts custodied at Pershing provided a 7-day yield of 3.43%.

Osaic Institutions denies the remaining allegations in Paragraph 143.

**4. Other Institutions' Cash Sweep Account Interest Rates**

144. Osaic Institutions denies the allegations in Paragraph 144.

145. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 145 and therefore denies them.

146. Osaic Institutions denies the allegations in Paragraph 146.

147. To the extent Plaintiffs' allegations in Paragraph 147 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 147.

**5. The Interest Rate Applicable to Short-term Instruments, Such as Repurchase Agreements**

148. The allegations in Paragraph 148 are legal conclusions, to which no response is required.

149. The allegations in Paragraph 149 include legal conclusions, to which no response is required.

Osaic Institutions states that debt securities may be included as collateral in a repo transaction, such as the examples identified in Paragraph 149, and further states that repos are not cash equivalents.

150. The allegations in Paragraph 150 include legal conclusions, to which no response is required.

Osaic Institutions denies the remaining allegations in Paragraph 150.

**E. The Cash Sweep Programs Unfairly Benefit the Defendants**

151. To the extent Plaintiffs' allegations in Paragraph 151 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 151.

152. To the extent Plaintiffs' allegations in Paragraph 152 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 152 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that the cash sweep program provides it with revenue as compensation for administration of the program.

153. To the extent Plaintiffs' allegations in Paragraph 153 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 153 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that the cash sweep program provides it with revenue as compensation for administration of the program.

Osaic Institutions denies the remaining allegations in Paragraph 153.

154. To the extent Plaintiffs' allegations in Paragraph 154 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 154 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that the cash sweep program provides it with revenue as compensation for the administration of the program and that the fees Osaic Institutions receives from the Program Banks are substantially greater, in almost all circumstances, than the fees that the Clearing Firms and third-party administrator receive. Osaic Institutions further states that it discloses to clients the circumstances in which Osaic Institutions receives a greater portion of the cash sweep program interest than is paid to the client.

155. To the extent Plaintiffs' allegations in Paragraph 155 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 155 purports to characterize and quote an unidentified "Form ADV," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that it discloses conflicts of interest in the BDSP and ICAP.

Osaic Institutions denies the remaining allegations in Paragraph 155.

156. To the extent Plaintiffs' allegations in Paragraph 156 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 156 purports to characterize and quote an unidentified "Pershing Cash Sweep Document," which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that it discloses to clients the circumstances in which Osaic Institutions receives a greater portion of the cash sweep program interest than is paid to the client.

Osaic Institutions further states that it currently declines to receive revenue share from the Money Market Funds used within the cash sweep program.

Osaic Institutions denies the remaining allegations in Paragraph 156.

157. The allegations in Paragraph 157 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 157 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 157 purports to characterize and quote an unidentified "Form ADV," which speaks for itself, and Osaic Institutions refers to that document for its complete and

accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that it discloses to clients the circumstances in which Osaic Institutions receives a greater portion of the cash sweep program interest than is paid to the client.

Osaic Institutions denies the remaining allegations in Paragraph 157.

158. The allegations in Paragraph 158 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 158 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them, and further states that it discloses the potential that the interest the client earns in its sweep account is generally less than Osaic Institutions' compensation until client interest equals 6%.

Osaic Institutions denies the remaining allegations in Paragraph 158.

159. To the extent Plaintiffs' allegations in Paragraph 159 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 159 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that Priority Banks may be placed ahead of other Program Banks.

Osaic Institutions admits that for the BDSP, certain Program Banks may receive priority funding, which is controlled by the third-party administrators.

Osaic Institutions denies the remaining allegations in Paragraph 159.

**1. Defendants' Fees Under the Bank Deposit Sweep Program**

160. To the extent Plaintiffs' allegations in Paragraph 160 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 160 purports to characterize and quote unspecified "Cash Sweep Program Documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions states that the difference between the rate paid by a Program Bank and the rate clients receive as interest is the total fee that Osaic Institutions, the custodians, and the third-party administrators collect for administering the BDSP and related services.

161. To the extent Plaintiffs' allegations in Paragraph 161 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 161 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

162. The allegations in Paragraph 162 are legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 162 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 162.

163. To the extent Plaintiffs' allegations in Paragraph 163 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 163 purports to characterize and quote an unidentified chart, which speaks

for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 163.

164. To the extent Plaintiffs' allegations in Paragraph 164 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies all remaining allegations in Paragraph 164.

165. To the extent Plaintiffs' allegations in Paragraph 165 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 165.

166. To the extent Plaintiffs' allegations in Paragraph 166 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that a Pershing, LLC Sweep Program Disclosure, which speaks for itself, states that the fee received by Osaic Institutions will not exceed 600 basis points, but denies that the allegations in Paragraph 166 present a fair and complete description of the document. Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 166.

### 2. Defendants' Fees Under the AP Cash Sweep Program and Insured Cash Account Program

167. To the extent Plaintiffs' allegations in Paragraph 167 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 167 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 167.

168. Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 168 and therefore denies them. The allegations in Paragraph 168 are directed to APA and are addressed in APA's answer to the Second Amended Complaint.

169. To the extent Plaintiffs' allegations in Paragraph 169 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 169 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 169.

170. To the extent Plaintiffs' allegations in Paragraph 170 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 170 purports to characterize and quote an unidentified document and chart, which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 170.

171. To the extent Plaintiffs' allegations in Paragraph 171 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that as the Federal Fund Target Rate increases, the monthly fee for the ICAP and the compensation that Osaic Institutions receives also increases, subject to a cap.

Osaic Institutions denies the remaining allegations in Paragraph 171.

172. To the extent Plaintiffs' allegations in Paragraph 172 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them. The allegations in Paragraph 172 concern a fee schedule from a disclosure made by APA and are addressed in APA's answer to the Second Amended Complaint.

173. To the extent Plaintiffs' allegations in Paragraph 173 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that Paragraph 173 identifies Osaic Institutions' ICAP Cash Sweep Rate List for Pershing as of December 20, 2024. The document speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 173.

174. Osaic Institutions denies the allegations in Paragraph 174.

175. To the extent Plaintiffs' allegations in Paragraph 175 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that Paragraph 175 identifies Osaic Institutions' ICAP Cash Sweep Rate List for Pershing as 0.45% as of December 20, 2024.

Osaic Institutions denies the remaining allegations in Paragraph 175.

176. To the extent Plaintiffs' allegations in Paragraph 176 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 176 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions denies the remaining allegations in Paragraph 176.

177. The allegations in Paragraph 177 include legal conclusions, to which no response is required.

To the extent Plaintiffs' allegations in Paragraph 177 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 177.

**3. Osaic Reaps Substantial Profits at the Expense of its Customers**

178. To the extent Plaintiffs' allegations in Paragraph 178 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 178 purports to characterize and quote unspecified "Cash Sweep Program documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

Osaic Institutions admits that Osaic Institutions disclosed that income earned by

Osaic Institutions, in almost all circumstances, will exceed the amount of interest the client receives from the same balances.

Osaic Institutions denies the remaining allegations in Paragraph 178.

179. To the extent Plaintiffs' allegations in Paragraph 179 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 179 purports to characterize and quote an unidentified document, which speaks for itself, and Osaic Institutions refers to that document for its complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith and further states that it discloses to clients the circumstances in which Osaic Institutions receives a greater portion of the cash sweep program interest than is paid to the client.

Osaic Institutions denies the remaining allegations in Paragraph 179.

180. To the extent Plaintiffs' allegations in Paragraph 180 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions admits that cash sweep revenue is incorporated into Osaic's financial statements.

Osaic Institutions denies the remaining allegations in Paragraph 180.

181. To the extent Plaintiffs' allegations in Paragraph 181 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 181.

182. To the extent Plaintiffs' allegations in Paragraph 182 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic

Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 182 purports to characterize and quote unidentified documents, which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents.

Osaic Institutions denies the remaining allegations in Paragraph 182.

183. To the extent Plaintiffs' allegations in Paragraph 183 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Paragraph 183 purports to characterize and quote unidentified documents, which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions further states that the unidentified documents appear to contain speculation for which no response is required.

184. To the extent Plaintiffs' allegations in Paragraph 184 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies the remaining allegations in Paragraph 184.

## V. CLASS ACTION ALLEGATIONS

185. Osaic Institutions repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 184 of the Amended Complaint as though fully set forth herein.

Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

186. Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

187. Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

188. The allegations in Paragraph 188 are legal conclusions, to which no response is required. To the extent a response is required, Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

189. Osaic Institutions admits that Osaic Institutions has thousands of customers nationwide.

The remaining allegations in Paragraph 189 are legal conclusions, to which no response is required. To the extent a response is required, Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

190. To the extent Plaintiffs' allegations in Paragraph 190 concern entities other than Osaic Institutions and/or cash sweep programs offered by entities other than Osaic Institutions, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of those allegations and therefore denies them.

Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

Osaic Institutions admits that it communicates with its customers by mail and/or electronically.

191. The allegations in Paragraph 191 are legal conclusions, to which no response is required. To the extent that a response is required, Osaic Institutions denies that any

putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

192. The allegations in Paragraph 192 are legal conclusions, to which no response is required. To the extent that a response is required, Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

193. The allegations in Paragraph 193 are legal conclusions, to which no response is required. To the extent that a response is required, Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

194. The allegations in Paragraph 194 are legal conclusions, to which no response is required. To the extent that a response is required, Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

195. The allegations in Paragraph 195 are legal conclusions, to which no response is required. To the extent that a response is required, Osaic Institutions denies that any putative class may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment.

## VI. CLAIMS ALLEGED

### FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against All Defendants)

196. Osaic Institutions repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

197. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 197 are also legal conclusions, to which no response is

required.

198. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 197 are also legal conclusions, to which no response is required.

199. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 199 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 199.

200. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90)

The allegations in Paragraph 200 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 200.

201. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 201 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 201.

202. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 202 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 202.

203. No response is required because the fiduciary duty claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 203 are also legal conclusions, to which no response is required. To the extent a response is required, Osaic Institutions admits that Plaintiffs seek disgorgement, punitive damages, and equitable relief.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 203.

## SECOND CAUSE OF ACTION
**Breach of Contract**
**(Against All Defendants)**

204. Osaic Institutions repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

205. The allegations in Paragraph 205 are legal conclusions, to which no response is required.

206. The allegations in Paragraph 206 are legal conclusions, to which no response is required.

Paragraph 206 also purports to characterize and quote unidentified "governing documents," which speak for themselves, and Osaic Institutions refers to those documents for their complete and accurate contents. Osaic Institutions denies any allegations inconsistent therewith.

207. The allegations in Paragraph 207 are legal conclusions, to which no response is required.

208. The allegations in Paragraph 208 are legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 208.

209. The allegations in Paragraph 209 are legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 209.

210. The allegations in Paragraph 210 are legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 210.

211. The allegations in Paragraph 211 are legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 211.

**THIRD CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Against Defendants APA, Osaic Wealth, and Osaic Institutions)**

212. Osaic Institutions repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

213. The allegations in Paragraph 213 are legal conclusions, to which no response is required.

214. The allegations in Paragraph 214 are legal conclusions, to which no response is required.

215. The allegations in Paragraph 215 are legal conclusions, to which no response is required.

216. The allegations in Paragraph 216 are legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 216.

217. The allegations in Paragraph 217 are legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 217.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Against Defendants APA, Osaic Wealth, and Osaic Institutions)**

218. Osaic Institutions repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

219. No response is required because the unjust enrichment claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 219 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 219.

220. No response is required because the unjust enrichment claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 220 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in

Paragraph 220.

221. No response is required because the unjust enrichment claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 221 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 221.

222. No response is required because the unjust enrichment claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 222 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 222.

223. No response is required because the unjust enrichment claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 223 are also legal conclusions, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegations in Paragraph 223.

**FIFTH CAUSE OF ACTION**
**Violation of the Investment Advisers Act of 1940**
**(Against All Defendants)**

224. Osaic Institutions repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 195 of the Amended Complaint as though fully set forth herein.

225. No response is required because the Investment Advisers Act of 1940 claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

To the extent a response is required, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 225 and therefore denies them. The allegations in Paragraph 225 are directed to APA and Osaic Wealth and are addressed in APA's and Osaic Wealth's answers to the Second Amended Complaint.

226. No response is required because the Investment Advisers Act of 1940 claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegations in Paragraph 226 are legal conclusions, to which no response is required. To the extent a response is required, Osaic Institutions lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations and therefore denies them. The allegations in Paragraph 226 are directed to APA and Osaic Wealth, and are addressed in APA's and Osaic Wealth's answers to the Second Amended Complaint.

227. No response is required because the Investment Advisers Act of 1940 claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegation in Paragraph 227 is also a legal conclusion, to which no response is required.

To the extent a response is required, Osaic Institutions denies the allegation in Paragraph 227.

228. No response is required because the Investment Advisers Act of 1940 claim against Osaic Institutions has been dismissed with prejudice per the Court's July 20, 2026 Order (ECF No. 90).

The allegation in Paragraph 228 is also a legal conclusion, to which no response is

required.

To the extent a response is required, Osaic Institutions denies the allegation in Paragraph 228.

## VII. REQUEST FOR RELIEF

Osaic Institutions denies that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

Osaic Institutions asserts the below affirmative defenses and reserves all rights to amend or supplement these defenses at a later time, when and if amended or additional defenses become appropriate and/or available in this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members. The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack standing to assert their claims and/or because Plaintiffs have not asserted or sustained a legally cognizable injury.

### THIRD AFFIRMATIVE DEFENSE

Osaic Institutions is not liable because, to the extent Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

### FOURTH AFFIRMATIVE DEFENSE

This action may not be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches and other related doctrines and principles.

**SIXTH AFFIRMATIVE DEFENSE**

Any injury or damage suffered by Plaintiffs would be adequately compensated in an action at law for damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the damages sought are too speculative, remote, and/or without basis in law or fact.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, on the grounds that at all times alleged in the Complaint, Plaintiffs expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or part, because they received interest on their uninvested cash in accordance with their contracts.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or part, because Osaic Institutions' acts or conduct did not directly or proximately cause any harm that Plaintiffs allegedly suffered.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover attorneys' fees and costs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Osaic Institutions never assumed or breached any of the purported duties or obligations alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Osaic Institutions expressly disclosed all purported conflicts of interest.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise any applicable rights they may have had under the agreements, including their right to opt out of the cash sweep programs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any of the relief sought in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are subject to an arbitration clause in the event that a class is not certified in this matter.

Dated: August 31, 2026

*/s/ Lori A. Martin*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Lori A. Martin (admitted *pro hac vice*)
Andrew Rhys Davies (admitted *pro hac vice*)
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
lori.martin@wilmerhale.com
andrew.davies@wilmerhale.com

Robert K. Smith (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
robert.smith@wilmerhale.com

**STINSON LLP**
Dan W. Goldfine (#018788)
Bernard E. Gburek III (#041030)
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004
Telephone: (602) 212-8661
dan.goldfine@stinson.com
bernard.gburek@stinson.com

*Counsel for Defendants*