**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Gehring, et al.,<br>Plaintiffs,<br>v.<br>Osaic Incorporated, et al.,<br>Defendants. | No. CV-25-00367-PHX-KML<br>**ORDER** |

The parties filed a Joint Summary of Discovery Dispute (Doc. 102) regarding plaintiffs' responses to seven interrogatories. This order resolves which interrogatories plaintiffs must respond to.

## I. Interrogatories 1–2

Interrogatory 1 requests that plaintiffs "[i]dentify all banks, broker-dealers, investment advisers, credit unions, fintech platforms, or other financial institutions other than Defendants at which" plaintiffs "maintained, individually or jointly with any other Person, any Account during the Responsive Period." (Doc. 104-1 at 7.) Interrogatory 2 asks plaintiffs to "[d]escribe each Account" from Interrogatory 1 "by stating the type of Account," the date the Account was opened and closed, the interest rate on the Account if applicable, the approximate amount of interest yielded for each account, and the "Benchmark referenced in the Complaint" that the rate was tied to, if any. (Doc. 104-1 at 8–9.)

In response, each named plaintiff disclosed a list of their accounts (including non-

Osaic accounts) along with the associated financial institution, relevant dates, and account types. (Docs. 104-1 at 10–11; 104-2 at 11.) And since issuing the interrogatories, defendants have agreed to accept a more limited set of the originally-requested information "sufficient to show, on a quarterly basis, from 2017 to date, the account balance, the interest paid, and any account fees." (Doc. 102 at 3–4.) Plaintiffs have agreed to produce account statements for all the bank accounts they have identified, but they lodge two objections. First, they object to providing any information that would require more than a reasonable search of records in their physical possession or stored on their computers to obtain. (Doc. 102 at 5.) They also object to providing any information on additional non-Osaic institutions beyond what Plaintiffs have already produced or committed to produce. (Doc. 102 at 5.)

Plaintiffs must respond with such information even if it is not in their physical possession or already stored on their computers. It would not unduly burden plaintiffs to gather and disclose information from their own bank statements, and they have not shown they would be unable to acquire that information. *Ocean Garden Prods. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 4284383, at *7 (D. Ariz. July 27, 2020); *Stanz v. Brown*, No. 22-cv-01164-GPC-JLB, 2025 WL 1617102, at *8 (S.D. Cal. June 6, 2025). Plaintiffs also must respond with the same information on their non-Osaic accounts beyond those accounts they have already disclosed. Information from other accounts is relevant to the reasonability of interest rates, affirmative defenses like failure to mitigate, and the extent to which such defenses are individualized for purposes of class certification. Accordingly, plaintiffs must disclose—on a quarterly basis from 2017 to date and for each account, including non-Osaic accounts—account balances, interest paid, and account fees. *See* Discovery Order, *In re LPL Fin. Cash Sweep Litig.*, No. 3:24-cv-1228 TWR-BJW (S.D. Cal. Apr. 7, 2026), Doc. 93 (ordering similarly).

**II. Interrogatory 13**

Interrogatory 13 reads: "For each of Defendants' BDSP Cash Sweep Programs that You intend to be encompassed by the putative class, Identify each Benchmark You contend

Defendants were required to consider when setting the rate of interest and explain why You contend Defendants were subject to a legal obligation to consider that Benchmark." (Doc. 104-1 at 24.)

Courts may order that interrogatories asking for an opinion or contention "need not be answered until designated discovery is complete . . . or some other time." Fed. R. Civ. P. 33(a)(2). "Contention interrogatories are premature if a propounding party cannot present plausible grounds showing that early answers . . . will efficiently advance litigation, or if the answering party does not have adequate information to assert its position." *United States ex rel. Stenson v. Radiology Ltd, LLC*, No. CV-19-00306-TUC-JGZ, 2026 WL 2015270, at *26 (D. Ariz. July 13, 2026) (simplified).

Here, defendants' request that plaintiffs "explain why" defendants had a legal obligation to consider a Benchmark is premature. Defendants do not show that the request will advance litigation at this current stage or that they need the information now; nor does their request directly implicate the amount or type of damages sought.

However, defendants properly requested plaintiffs to "[i]dentify each Benchmark" defendants were required to consider. Such information may narrow the issues for adjudication. At least some Benchmarks were already discussed in the Second Amended Complaint (Doc. 49 at 28–31); merely identifying the Benchmarks does not necessarily depend on expert analysis or documents that defendants have not yet produced (Doc. 102 at 6).

Plaintiffs therefore need only respond to the portion of Interrogatory 13 asking them to "[i]dentify each Benchmark" defendants "were required to consider when setting the rate of interest." Plaintiffs may ignore the portion requesting they "explain why" defendants "were subject to a legal obligation to consider that Benchmark."

**III. Interrogatory 14**

Interrogatory 14 asks plaintiffs to identify "each Benchmark" they contend "should be or should have been used to calculate damages" and to "state the basis for [their] contention that each such Benchmark should be or should have been used for that purpose."

(Doc. 104-1 at 25.)

Like the first part of Interrogatory 13, information regarding *which* Benchmarks are relevant is helpful in narrowing the factual scope of litigation. And plaintiffs have already discussed relevant Benchmarks in the Second Amended Complaint. (Doc. 49 at 28–31.) As with the latter part of Interrogatory 13, the request that plaintiffs "state the basis" for why certain Benchmarks should be used for damages could be viewed as seeking premature legal analysis. But to the extent the request that plaintiffs "state the basis" for using certain Benchmarks is seeking factual, not legal, information, plaintiffs must provide responses.

**IV. Interrogatory 15**

Interrogatory 15 requests plaintiffs identify "with specificity each economic, market, business, or other condition" that required defendants "to alter the rate of interest" and why defendants had a "legal obligation to consider that condition." (Doc. 104-1 at 26.)

Plaintiffs need not respond to this interrogatory because it is overbroad and vague. The interrogatory "requests a near-limitless recitation of legal and factual matters." *Gray v. County of Los Angeles*, No. CV 13-7597 CAS (FFMx), 2014 WL 12700919, at *4 (C.D. Cal. Dec. 23, 2014). Part of the overbreadth and vagueness of the request stems from the ambiguity as to the level of generality at which plaintiffs must respond. It is unclear whether they must identify specific events that should have resulted in changed rates or if defendants are seeking only general metrics that interest rates must track. And because the request asks for not just economic, market, or business conditions, but also "other" conditions, "the universe of potentially responsive information" may be so vast such that requiring a response would be unreasonable. *Id.* at *3 (simplified).

**V. Interrogatory 16**

Interrogatory 16 demands an explanation for how, by how much, and when defendants "are or were required to alter the rate of interest in response to every change of any of the Benchmarks or conditions" plaintiffs contend should have been considered. (Doc. 104-1 at 27.) Consistent with other questions regarding Benchmarks to which plaintiffs are responding, they must respond here as well.

**VI. Interrogatory 17**

Lastly, Interrogatory 17 reads: "State whether You seek rescission, disgorgement, restitution, injunctive relief, prejudgment interest, statutory damages, punitive damages, and/or attorneys' fees, and for each category of relief identified, Identify the precise relief You are seeking, state the legal and factual basis for seeking such relief, and describe the methodology used to calculate each category or relief identified." (Doc. 104-1 at 27.)

The interrogatory is premature. The "methodology used to calculate" damages will rely on experts using defendants' documents, some of which have allegedly not yet been produced to plaintiffs (Doc. 102 at 6). Because any answer would be materially incomplete, plaintiffs do not have to respond at this time. *Plintron Techs. USA LLC v. Phillips*, No. 2:24-cv-00093, 2025 WL 963238, at *3 (W.D. Wash. Mar. 31, 2025).

They will, however, have to disclose "a computation of each category of damages" eventually. Fed. R. Civ. P. 26(a)(1)(1)(iii). Plaintiffs' initial Rule 26(a)(1)(A)(iii) disclosure was inadequate, simply stating categories of relief but not any computation as required by rule. (Doc. 104-6 at 8.) Plaintiffs must therefore diligently ensure they promptly disclose a computation of each category of damages once available, especially given the court's discovery deadlines: fact discovery is due by May 28, 2027, shortly after plaintiffs' expert disclosures are due on March 25, 2027. (Doc. 72 at 2–3.) As those deadlines approach, defendants should remain mindful that all interrogatories, requests for production of documents, and requests for admissions must be served at least 45 days before the fact discovery deadline. (Doc. 72 at 2.)

Accordingly,

**IT IS ORDERED** plaintiffs must respond to defendants with—for each of their accounts, including non-Osaic accounts—quarterly information from 2017 to date showing account balances, interest paid, and account fees. Providing this information shall satisfy Interrogatories 1–2. Plaintiffs must also respond to Interrogatory 16, to the portion of Interrogatory 13 asking plaintiffs to identify the Benchmarks they contend defendants had to consider when setting the rate of interest, and to the portions of Interrogatory 14 asking

plaintiffs to identify the Benchmarks that should be used to calculate damages and "the basis" for those contentions insofar as the basis relies on factual rather than legal information. Plaintiffs need not respond to Interrogatories 15 or 17.

**IT IS FURTHER ORDERED** the Stipulation to File Under Seal (Doc. 103) is **GRANTED**. The documents lodged at Doc. 104 shall be filed under seal. This order shall not be sealed.

Dated this 27th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**